UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE A. FRATER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEMISPHERX BIOPHARMA, INC., WILLIAM A. CARTER, DAVID STRAYER and WAYNE PAMBIANCHI,<br><br>Defendants. | CASE NO. 2:12-CV-07152 WY<br><br>CLASS ACTION<br><br>Hon. William H. Yohn, Jr. |

FILED
JUL 22 2015
MICHAEL E. KUNZ, Clerk
By_______ Dep. Clerk

**[~~PROPOSED~~] ORDER AND FINAL JUDGMENT**

This matter came for hearing on July 22, 2015 (the "Settlement Hearing"), upon consideration of the motion of Lead Plaintiff the Hemispherx Investor Group ("Lead Plaintiff") to determine whether the terms and conditions of the Stipulation and Agreement of Settlement dated February 25, 2015 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiff, on behalf of itself and a class as defined in the Stipulation (the "Settlement Class"), against defendants Hemispherx Biopharma, Inc. ("Hemispherx" or "the Company"), William A. Carter, M.D., David R. Strayer, M.D. and Wayne Pambianchi (the "Individual Defendants" and together with Hemispherx, "Defendants"), in the Consolidated Amended Class Action Complaint (the "Consolidated Complaint") now pending in this Court in the above-captioned consolidated class action (the "Action"), and should be approved; and whether judgment should be entered dismissing the Consolidated Complaint on the merits and with prejudice in favor of the Released Persons and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion

therefrom. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, who purchased or otherwise acquired the publicly traded common stock of Hemispherx from March 14, 2012, through and including December 20, 2012, except those persons or entities excluded from the definition of the Settlement Class, as shown by the records of Hemispherx's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published on the *Globe Newswire* and *Businesswire*, as well as the website established by the Claims Administrator, pursuant to the specifications of the Court.

**NOW, THEREFORE,** after hearing and in accordance with facts found at the hearing, **IT IS HEREBY ORDERED THAT:**

1. This Order and Final Judgment ("Judgment") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (e) the claims of Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Lead Plaintiff Member Marc A. Verheyen and Lead Counsel have fairly and adequately represented and

continue to represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action for purposes of settlement only on behalf of all persons and entities who purchased or otherwise acquired the publicly traded common stock of Hemispherx from March 14, 2012, through and including December 20, 2012, and who, based on conduct that was or could have been asserted in the Action, were allegedly injured thereby. Excluded from the Settlement Class are Hemispherx and the Individual Defendants, all current and former officers and directors of Hemispherx, any entity in which any of the foregoing have or had a controlling interest, and the legal representatives, heirs, successors, or assigns of any of them. Also excluded from the Settlement Class are the persons and/or entities who requested exclusion from the Settlement Class as listed on Exhibit 1 annexed hereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for purposes of settlement only, appoints Lead Plaintiff Member Marc A. Verheyen as Settlement Class Representative and appoints Pomerantz LLP as Settlement Class Counsel.

6. In accordance with the Stipulation and the Notice Order, Lead Plaintiff caused to be mailed to the Settlement Class a notice (the "Notice") dated April 8, 2015, and caused to be published electronically on the *Globe Newswire* and *Businesswire,* suitable Internet newswires, a summary notice (the "Summary Notice") of the pendency of the Action, of the proposed settlement of the Action and of the opportunity to object to the Settlement, and caused

a copy of the Notice and Summary Notice to be published electronically on a suitable Internet site established by the Claims Administrator. Affidavits and/or declarations of mailing of the Notice and publication of the Summary Notice were filed with the Court on June 30, 2015.

7. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 2ID(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

8. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that notice of these proceedings was directed to all Settlement Class Members who could be identified through reasonable means advising them of the Settlement, the Plan of Allocation, Lead Counsel's right to apply for attorneys' fees and reimbursement of litigation expenses associated with the Action, Lead Plaintiff's right to apply for an award to reimburse Lead Plaintiff Marc A. Verheyen for his reasonable costs and expenses under 15 U.S.C. § 78u-4(a)(4), and of each Settlement Class Member's right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the foregoing matters, and that such notice met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA, and due process.

9. It is hereby determined that all Settlement Class Members not listed on Exhibit A hereto who did not timely and properly elect to exclude themselves by written communication postmarked or delivered on or before the date set forth in the Notice and the Notice Order are bound by this Judgment.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class Members, including Lead Plaintiff. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.

11. Such objections to the Settlement as have been filed have been considered and overruled.

12. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

13. The Consolidated Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Released Persons.

14. The Court hereby finds that the proposed Plan of Allocation of the Net Settlement Fund, as set forth in the Notice, is, in all respects, fair and reasonable, and the Court hereby approves the Plan of Allocation. The Court hereby finds that the formula for the calculation of the claims of Authorized Claimants that is set forth in the Notice provides a fair

and reasonable basis upon which to allocate among Settlement Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The parties to the Stipulation are hereby directed to consummate and perform its terms.

15. No Authorized Claimant shall have any claim against Lead Counsel, the Claims Administrator, or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against Defendants, Defendants' Counsel, or any of the Released Persons with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Settlement Class Members.

16. Lead Plaintiff and all Settlement Class Members, and all of their heirs, executors, administrators, beneficiaries, spouses, predecessors, successors, assigns and each of them, and any persons they represent, and all of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, parents and subsidiaries, and anyone claiming through or on behalf of any of them, whether or not they execute and deliver a Proof of Claim and Release, are forever enjoined and permanently barred from instituting, commencing or prosecuting any and all Released Claims, whether presently known or unknown, against all Released Persons and each of them. The Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Proof of

Claim to be submitted by Settlement Class Members will also contain a release of the Released Claims. Distribution of the Settlement Fund to Settlement Class Members shall be conditioned on such Settlement Class Members' execution and delivery of such release to the Claims Administrator. Copies of such releases shall be provided to counsel for Defendants on request. As a result of this Settlement and the releases in it, each member of the Settlement Class has waived any and all rights that it, he, or she may have under statute, common law principle, or in equity that would limit the effect of the foregoing releases to those claims actually known or suspected to exist at the time of the execution of the Stipulation. Lead Plaintiff and the Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but by operation of this Judgment, Lead Plaintiff and each Settlement Class Member shall have fully, finally and forever settled and released any and all Released Claims, including Unknown Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

17. The Released Persons and the heirs, executors, administrators, predecessors, successors and assigns of any of them, are forever enjoined and permanently barred from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, that have been or could have been asserted in the Action or any forum by the Released Persons or any of them or the successors and assigns of any of them

against Lead Plaintiff, Settlement Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement). The Released Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice as against Lead Plaintiff, the Settlement Class Members, and their counsel by virtue of the proceedings herein and this Judgment.

18. On the Effective Date, Settlement Class Members who have not timely and validly requested exclusion shall be deemed unconditionally and forever to release and discharge Lead Plaintiff and Lead Counsel from all claims, liabilities and causes of action, including all claims known or unknown, in connection with Lead Plaintiff's institution, prosecution or resolution of this Action or Released Claims. Pursuant to the PSLRA, the Released Persons are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, which in any way are based upon, arising out of, relating to, or in connection with the Released Claims of the Settlement Class or any Settlement Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Persons; and (b) by the Released Persons against any person or entity other than any person or entity whose liability to the Settlement Class has been extinguished pursuant to the Stipulation and this Judgment.

19. Defendants are forever enjoined and permanently barred from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, or any bylaw of Hemispherx, that has been or could have been asserted against

Lead Plaintiff, any Member thereof, any Class Member, or Lead Counsel, related to the initiation, maintenance and/or prosecution of this Action.

20. Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, shall be:

a. offered or received against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted against any of the Released Persons in this Action or in any litigation, or of any liability, negligence, or other wrongdoing of any kind by any of the Released Persons, who expressly deny that Lead Plaintiff has asserted a valid claim as to them and deny any and all allegations of fault, liability, wrongdoing or damages whatsoever;

b. offered or received against any of the Released Persons as evidence of, or presumption, concession or admission of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Persons, or against Lead Plaintiff or any Settlement Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Settlement Class Members;

c. offered or received against any of the Released Persons, or against Lead Plaintiff or any other Settlement Class Members, as evidence of, or presumption, concession or admission with respect to, any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding, other than such proceedings as

may be necessary to effectuate the provisions of the Stipulation; provided, however, that Hemispherx or the Individual Defendants or any other Released Person may refer to it to effectuate the liability protection granted them hereunder;

d. construed against any of the Released Persons, Lead Plaintiff or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial; or

e. construed against Lead Plaintiff or any other Settlement Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount.

Notwithstanding the foregoing, Defendants may file this Judgment and/or the Stipulation in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorney fees, costs, interest and expenses, including fees and costs of experts and/or consultants, and Lead Plaintiff's application for an award to reimburse Lead Plaintiff Marc A. Verheyen for his reasonable costs and expenses

under 15 U.S.C. § 78u-4(a)(4); (e) enforcing and administering this Judgment; (f) enforcing and administering the Stipulation including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

22. Neither Hemispherx nor any of the Individual Defendants shall have any obligation to make or cause to be made any payment into the Escrow Account except as specifically provided in paragraph 8(a) of the Stipulation.

23. The Court finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

24. Members of the Settlement Class who have validly and timely requested exclusion may pursue their own individual remedies, if any.

25. The costs and expenses associated with the consummation and/or administration of the Settlement shall be paid pursuant to the terms of the Stipulation.

26. Lead Counsel are hereby awarded attorneys' fees in the amount of $825,000- , or 30 % of the Settlement Fund, which sum the Court finds to be fair and reasonable. Reimbursement of expenses reasonably incurred and advanced by Lead Counsel and Liaison Counsel is hereby awarded as follows: reimbursement of $89,929.56 to Lead Counsel, $93.88 to Schnader Harrison Segal & Lewis and $469.62 to Trujillo, Rodriguez & Richards. The foregoing awards of fees and expenses shall be made at the time and in the manner provided in the Stipulation, with interest from the date the Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Settlement Fund. Lead Plaintiff shall have discretion to allocate a portion of the awarded attorney's fees to other

Plaintiffs' counsel to the extent that Lead Counsel determines would fairly compensate such counsel for their respective contributions in the prosecution of the Action.

27. The Court finds the request for attorneys' fees and reimbursement of expenses is reasonable, and the request is supported by the relevant factors, which have been considered by this Court.

28. Lead Plaintiff Member Marc A. Verheyen is hereby granted an award of $ 380.80 to reimburse him for his reasonable costs and expenses he incurred in serving as Lead Plaintiff. No such award has been requested or is granted for Lead Plaintiff Member Ronald Van Och, or former Lead Plaintiff Member Shradinand Lalbihari.

29. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants and such amount is not replaced by others, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. The Settlement Fund plus accrued interest, less any taxes paid or due with respect to such income, and less Costs of Administration actually incurred and paid or payable, shall be returned in full as provided in paragraph 10 of the Stipulation.

30. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

31. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Case 2:12-cv-07152-WY Document 94-2 Filed 06/30/15 Page 13 of 14

**IT IS SO ORDERED**, this 22nd day of July, 2015.

William H. Yohn Jr.
HONORABLE WILLIAM YOHN
United States District Court Judge

Handed to counsel in court
7/22/15
Silverman
Richards
Hickock
Rainville
Francheski

**Exhibit A**

1. Brian and Kelly Bennefeld
2. Donald F. Lynch